IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JAMES L. OWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-3498-CV-S-RED |
| ) | |
| G.E. CAPITAL INFORMATION ) | |
| TECHNOLOGY SOLUTIONS, INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER

NOW before the Court is the Defendant's Motion to Dismiss and Motion for Summary Judgment (Doc. 3), Memorandum of Law in Support of Defendant's Motion to Dismiss and Motion for Summary Judgment (Doc. 4), Plaintiff James L. Owen's Suggestions in Opposition to Defendant's Motion for Summary Judgment and Motion to Dismiss[1] (Doc. 20), Defendant's Reply to Plaintiff's Suggestions in Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment (Doc. 24). For the following reasons, the Court finds that Defendant's Motion to Dismiss and Motion for Summary Judgment (Doc. 3) is due to be granted.

### I. Factual Background

Plaintiff[2] brings this case for malicious prosecution against Defendant, relating to a state court case filed in Taney County, Missouri Circuit Court styled *IOS Capital v. Rebates International, Inc.*, *et al.*, Case No. 02-CV-786095. The basis of the state court proceeding was that

---

[1] Plaintiff also states in his Suggestions in Opposition (Doc. 20), that "the actual facts of the case warrant summary judgment in [Plaintiff's] favor," (Doc. 20, Page 1) thus, it also appears Plaintiff is asserting a cross-motion for summary judgment.

[2] "Plaintiff" refers to the plaintiff in the above-styled action, the state court defendant. "Defendant" refers to the defendant in the above-styled action, the state court plaintiff.

IOS Capital had leased to Rebates International various photocopying and printing equipment, namely a color copier, a risograph printing machine, and a binder with accessories. Three written agreements set out the leases. Defendant argues Plaintiff executed a Personal Guaranty which personally guaranteed each of the three leases. Plaintiff argues that he only guaranteed the color copier, and that Defendant altered the guarantee to include the risograph and binder and accessories leases. However, in his answer to the state court Petition, Plaintiff admitted to signing the personal guarantee for all three leases. ( Doc. 20, Ex 4, ¶ 6) Plaintiff denied signing a fourth lease that was not the subject of the state court suit. The state court lawsuit was filed against Rebates International and Plaintiff for breach of the lease agreements and breach of the Personal Guaranty. IOS Capital sold the lease agreements to GE Capital, and GE Capital was substituted as the state court Plaintiff.

The state court petition separated the claims into three separate counts, one for each lease agreement. At trial, Plaintiff moved for a directed verdict regarding the risograph and binder and accessories at the close of GE Capital's evidence. The requests were denied. The jury returned a verdict in favor of GE Capital for $14,000.00 based on Plaintiff's personal guaranty of the color copier. The jury returned verdicts in favor of Plaintiff on the claimed application of the guaranty to the risograph and binder and accessories.

Plaintiff filed this case arguing that Defendant lacked probable cause on its counts of personal guaranty of the risograph lease and the binder and accessories lease in the state court proceeding, establishing the basis for this claim of malicious prosecution. Plaintiff contends that Defendant knew the guaranty regarding the binder and accessories lease and the risograph lease had been altered, resulting in actual malice by the Defendant to pursue these counts in the state court proceeding.

2

## II. Summary Judgment Standard

Defendant has styled his motion both as a Motion to Dismiss and a Motion for Summary Judgment. As the Court has considered matters outside the pleadings, the Court will treat Defendant's Motion as a Motion for Summary Judgment. *See BJC Health System v. Columbia Cas. Co.* 348 F.3d 685, 688 (8th Cir. 2003)(reciting standard for when a motion is properly considered a motion to dismiss or motion for summary judgment). The Court notes that Plaintiff has filed his response in the form applicable to Summary Judgment.

Rule 56(c) Federal Rules of Civil Procedure provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fry v. Holmes Freight Lines, Inc.*, 72 F. Supp. 2d 1074, 1075 (W.D. Mo. 1999). When ruling on a motion for summary judgment, the court should view the facts in the light most favorable to the adverse party and allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *See id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Reed v. ULS Corp.,* 178 F.3d 988, 900 (8th Cir. 1999)).

Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Cunningham v. Kansas City Star Co.*, 995 F. Supp. 1010, 1014 (W.D. Mo. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

In the case where both parties have filed cross-motions for summary judgment, the legal standard does not change. Each motion must be evaluated independently, with facts viewed in a light most favorable to the nonmoving party. *See, e.g.*, *St. Luke's Methodist Hosp. v. Thompson*, 182

3

F. Supp. 2d 765, 769 (N.D. Iowa 2001).

## III.  Discussion

Under Missouri law, the elements of a malicious prosecution claim are "(1) the commencement of a prosecution against the plaintiff; (2) instigated by the defendant; (3) termination in favor of the plaintiff; (4) want of probable cause by the prosecution; (5) defendant's conduct was actuated by malice, and; [sic] (6) plaintiff was damaged." *Duvall v. Lawrence,* 86 S.W.3d 74, 84 (Mo. Ct. App.2002) (interim quotations omitted). Because malicious prosecution actions "have never been favorites of the law[,]" Plaintiff must establish each of the six elements by "strict and clear proof." *Holley v. Caulfield,* 49 S.W.3d 747, 750 (Mo.Ct.App.2001) (alteration added; interim quotations omitted). Plaintiff may not rely on speculation to establish any of the requisite elements. *Id.; Davis v. Board of Educ. of the City of St. Louis,* 963 S.W.2d 679, 684 (Mo. Ct. App. 1998).

The first two elements appear to be well established in this case.  The third element, termination in favor of the party bringing the action for malicious prosecution, means "the final disposition of the cause forming the basis of the action in favor of the party against whom the original action was brought and adversely to the party bringing the original action." *Ruzicka v. Universal Printing Co.,* 637 S.W.2d 834, 835-36 (Mo. Ct. App. 1982).  A judgment or finding in plaintiff's favor in the underlying proceeding is conclusive evidence of probable cause (see element four, below), or prevents the defendant from denying the existence of probable cause in the underlying action. *Ripley v. Bank of Skidmore,* 198 S.W.2d 861, 864, 355 Mo. 897 (Mo.1947); *see also Jospeh H. Held & Associates, Inc. v. Wolff,*  39 S.W.3d 59, 63 (Mo. Ct. App. 2001).  Here Defendant (Plaintiff below) was awarded a $14,000.00 judgment against Plaintiff (Defendant below) in the state court action.  As a matter of Missouri law, this does not meet the standard for a judgment

4

"in plaintiff's favor" in the underlying proceeding.

The fourth element is the lack of probable cause for the underlying action. "The Missouri Supreme Court has defined probable cause for the institution of a civil action to consist of: (1) the plaintiff's belief in the facts alleged, (2) based on sufficient circumstances to reasonably induce such belief by a person of ordinary prudence in the same situation, plus (3) a reasonable belief that under the facts the claim may be valid under the applicable law." *Holley,* 49 S.W.3d at 751 (citing *Haswell v. Liberty Mut. Ins. Co.,* 557 S.W.2d 628, 633 (Mo.1977) (en banc)). "[P]robable cause does not depend upon what may have ultimately been proved to be the actual facts embraced in the previous action, but instead upon a reasonable belief of the one who instituted the prosecution." *Id.* (alteration added).

Plaintiff admitted on more than one occasion in pleadings filed in the state court proceedings that he had personally guaranteed the risograph and binder and accessories leases. This circumstance is sufficient as a matter of law to give Defendant probable cause to include the guaranty of those leases in the state court action. Plaintiff also asserts that he denied having guaranteed two of the leases from the beginning, although this is not supported by the record. Plaintiff only consistently denied his guaranty of a fourth lease agreement, which was not part of the state court action. Although Plaintiff characterizes the state court action as three different actions on three different leases, it is clear that Plaintiff's liability derived from one guaranty, that was applicable to all three leases. The fact that the jury found this guaranty did not apply to two of the three leases does not affect the finding of probable cause to bring the action as discussed above.

Additionally, the lack of probable cause must be shown in respect to the entire proceeding. *Joseph H. Held & Assocs. v. Wolff,* 39 S.W.3d 59, 63 (Mo. Ct. App. 2001). "The plaintiff does not

5

meet [his] burden by showing the defendant's lack of probable cause in one of the number of theories underlying the proceeding where other theories are supported by probable cause." *Id.* (alteration added; interim quotations omitted). To allow a party to separate the unsuccessful claims from the successful claims in the underlying proceeding and bring a malicious prosecution action on the unsuccessful ones "would invite a multitude of unwarranted litigation arising from situations where a proceeding is instituted on the basis of inconsistent theories, or where theories are abandoned during the proceeding, and where the proceeding is terminated adversely to the plaintiff." *Zahorsky,* 690 S.W.2d at 151.

Plaintiff asserts that *Boogher v. Bryant*, 86 Mo. 42 (Mo. 1885) is controlling in this case. In *Boogher*, the court found groundless charges maliciously and without probable cause coupled with others which are well founded can establish a cause of action for malicious prosecution. However, this Court does not find this case to be controlling. *Boogher* dealt with a criminal information, rather than a civil complaint, and was decided well before the Federal Rules of Civil Procedure were enacted. Moreover, the line of cases cited above from the Missouri Court of Appeals are more directly on point to the issue in this case, and appear to be the better line of cases for determining the issues presented in this case.

Plaintiff twice requested a directed verdict in the state court case, both motions were denied. Clearly, the trial court judge on the underlying matter, after hearing all of the evidence presented, believed that there was a submissable case to the jury that the guaranty was applicable to all three counts of the Petition. Again, Defendant prevailed in state court on one of the counts of its petition. Plaintiff's attempts to separate these claims as to form the basis for malicious prosecution is not allowed under Missouri law. Moreover, Plaintiff clearly can not show the requisite lack of probable

6

cause to the entire proceeding.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss and Motion for Summary Judgment (Doc. 3) is hereby **GRANTED**. To the extend Plaintiff James L. Owen's Suggestions in Opposition to Defendant's Motion for Summary Judgment and Motion to Dismiss (Doc. 20) seeks a cross Motion for Summary Judgment, it is hereby **DENIED**.

Summary Judgment is entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**.

DATED:   March 15, 2006                */s/ Richard E. Dorr*
                                       RICHARD E. DORR, JUDGE
                                       UNITED STATES DISTRICT COURT

7